Filed 5/9/14  P. v. Moody CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DIWONDA JACKWATER MOODY,<br><br>  Defendant and Appellant. | H039622<br>(Santa Clara County<br> Super. Ct. No. C1233136) |

On October 18, 2012, Diwonda Moody (defendant) pleaded no contest to one count of petty theft with three or more prior convictions (Pen. Code, § 666, subd. (a), count one) and two misdemeanor counts of battery (§§ 242-243, subd. (a)),[1] counts two and three).  The record indicates that she was informed of and knowingly and intelligently waived her constitutional rights before she entered her pleas.[2]  Over the prosecutor's objection, the court suspended imposition of sentence, placed defendant on probation for three years and ordered that she serve 60 days in county jail, with credit for

---

[1]  All unspecified section references are to the Penal Code.

[2]  Defendant signed and initialed an advisement of rights, waiver, and plea form, in which she was advised of and waived her constitutional rights, and was advised of the immigration consequences of her plea.

time served of seven actual days and six days of conduct credit pursuant to section 4019.[3] The court ordered that defendant pay restitution to Safeway in the amount of $238.06.

Subsequently, the probation department filed a petition to modify defendant's terms of probation. In the petition, defendant's probation officer alleged that defendant had violated her probation by committing new crimes,[4] had failed to appear for a scheduled office appointment, had willfully failed to make payments to the Department of Revenue, and had willfully failed to make victim restitution payments.

On March 20, 2013, defendant admitted that she had violated her probation. The court revoked defendant's probation and ordered that she serve two years for the petty theft; the court imposed the term pursuant to section 1170, subdivision (h). The court suspended sentence on the misdemeanor battery counts.

On May 9, 2013, defendant filed a notice of appeal.

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that she could file a supplemental brief with this court.

On December 23, 2013, by letter, we notified defendant of her right to submit written argument on her own behalf within 30 days. The letter was returned. This court contacted defendant's attorney in order to locate defendant. We have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history

---

[3]    Defendant's offenses were alleged to have been committed on February 11, 2012.
[4]    Specifically, the officer alleged that defendant had violated Vehicle Code section 10851—theft or unauthorized use of a vehicle, violated section 148, subdivision (a)— resisting or obstructing a police officer, violated section 466—possession of burglary tools, and violated section 496— receiving stolen property.

2

of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id.* at p. 110.)

*Facts and Proceedings Below*[5]

"On February 11, 2012, at approximately 5:50 p.m., a strong-armed robbery occurred at the Safeway at 4950 Almaden Expressway in San Jose. The defendant was in the process of completing a petty theft from the store. Loss Prevention agents attempted to take her into custody and eventually had to take her to the ground and were able to place handcuffs on her. A Loss Prevention Officer suffered bite marks on his legs and redness on both knees. The defendant was eventually placed under citizen's arrest and booked into the County Jail by San Jose Police Department for violating Section 211 P.C."

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The record indicates that before she admitted that she violated her probation, defendant was informed that she had a right to a hearing on the probation violation and was advised of and waived her constitutional rights regarding that hearing.

*Disposition*

The judgment is affirmed.

---

[5] The statement of facts is taken from the petition to modify defendant's probation.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.

4